**Craig A. Crispin, OSB No. 82485**
crispin@employmentlaw-nw.com
**Shelley D. Russell, OSB No. 94068**
shelley@employmentlaw-nw.com
**CRISPIN EMPLOYMENT LAWYERS**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone:  503-293-5770
Fax:  503-293-5766
    Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON
Portland Division

| | |
|---|---|
| **ALANA HOSICK**, an individual, | Civil No. |
| Plaintiff, | |
| v. | **COMPLAINT** <br> **(Unpaid Wages, Wage Penalties)** |
| **CATALYST IT SERVICES, INC.** a foreign business corporation, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

### NATURE OF THE ACTION

1.   This is an action for unpaid minimum wages under the Fair Labor Standards Act, 29 U.S.C. § 206.

2.   It is also an action under Oregon state law to recover unpaid wages, compensation and related penalties and damages pursuant to ORS Chapters 652 and 653.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331.

4. The court has jurisdiction over plaintiffs' state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

5. The actions alleged herein were committed in the District of Oregon.

## PARTIES

6. Plaintiff **ALANA HOSICK** (Hosick) is an individual resident of Washington County, Oregon, who was employed by defendant from March 2012 to the present.

7. Defendant **CATALYST IT SERVICES, INC.** ("Catalyst") is a Delaware corporation, licensed to do business in the state of Oregon, providing software solutions and other IT-related services to Oregon businesses. Defendant Catalyst is an employer under 29 U.S.C. § 203 (d), 42 U.S.C. § 2000e(b), ORS 659A.001(4) and ORS 652.310(1) for purposes of the claims alleged herein.

## FACTUAL ALLEGATIONS

8. Catalyst hired Hosick in or about March 2012 as a developer.

9.     Catalyst requires all new hires to complete a training and internship period prior to assigning them out on client projects.  The training and internship period varies depending upon the number of projects and the demand for technicians to fill those projects.  During the training period, the trainees are referred to as "Associates" or "Interns."  After successful completion of the training, Associates receive the designation "Employee."  Hosick's training period lasted 12 weeks, from approximately March 5, 2012 through June 2, 2012.  Hosick received no pay for any of the 12 week training period.

10.    Catalyst did not pay its trainees like Hosick any wages, but expected trainees to participate on a daily basis, from 9:00 am to 4:30 pm, allegedly learning important programs and techniques used by Catalyst in its service.  Catalyst does not have a student learner certification exempting them from paying minimum wage to trainees. Catalyst does not have any accreditation, and there is no professional educational oversight of the training.  Instructors may be immediate past trainees.  At the end of the cycle, trainees are given no recognized credential for completion.  Catalyst designs the training to meet Catalyst needs over the upcoming six month period.  During Hosick's training period, the main training project was a web app called "Challenge Engine," an application functionally identical to a project that Catalyst was attempting to win for Nike.  Catalyst does not provide the trainees a syllabus or detailed course description, and the skills learned were not of general benefit to the trainees for anything other than Catalyst client projects.

11.    When Hosick entered the training program, the first few days were devoted to software algorithms and architecture.  Catalyst asked trainees to sign the training contract during

this period.  After the trainees signed, the training switched to web development. Catalyst told the trainees that their web projects were chosen based on contracts Catalyst currently had or contracts Catalyst was trying to win.

12. Catalyst retains ownership of all work done by the trainees during their training. After each cycle, Catalyst increases the software assets at its disposal, and commonly uses those assets to aid employees in preparing for client projects.

13. From time to time, trainees were pulled out of the training cycle and sent to work on client projects.  Catalyst claims to be able to put a team together for a client faster than its competitors.  It is able to do so because it has a readily available stable of "trainees" in the cycle from whom it can pull.  Upon completion of a training cycle, the trainees continue to perform the same work they did while in the cycle, but they receive $15 per hour.

14. After Hosick completed her training period, Catalyst assigned her to "the bench" while the company waited for a client to request an IT team.  While "on the bench," Hosick performed similar tasks as those she did in training, but she was paid $15.00 per hour.

15. Hosick has continued to work for Catalyst on various client projects since completing her training cycle.

### FIRST CLAIM FOR RELIEF

**(Unpaid Minimum Wages - 26 U.S.C. § 206 & ORS 653.055)**

16. Hosick realleges and incorporates the allegations contained in paragraphs 1 through 15 as though fully set forth herein.

17. At all relevant times, Catalyst received annual revenues in excess of $500,000 per

year and is therefore subject to requirements of the Fair Labor Standards Act, 29 U.S.C. § 206.

18.     Catalyst was at all relevant times an employer for purposes of ORS 653.010(3).

19.     From March 5 until June 1, 2012, Catalyst caused Hosick to work and allowed her to work without paying her a minimum wage, and without benefit of a student learner certification.

20.     Catalyst wilfully, wrongfully, and intentionally withheld payment from Hosick and others in Catalyst's training program, thereby and for the purpose of depriving her of minimum wage.

21.     Hosick is entitled to recover from Catalyst her unpaid wages in the amount of approximately $2,900.

22.     For violation of ORS 653.055, Hosick is also entitled to recover penalties in the amount of 30 times her daily wage rate in the approximate amount of $1,740.

23.     For violation of 29 U.S.C. § 206, Hosick is also entitled to recover from Catalyst an additional amount as liquidated damages equal to the sum of the amount of unpaid wages recovered under this claim for relief, plus interest, pursuant to 29 U.S.C. § 216(b).

24.     Hosick is entitled to recover her reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b) and ORS 653.055.

**PRAYER FOR RELIEF**

WHEREFORE, Hosick requests the court to:

1.     Assume jurisdiction over each of the causes set forth herein.

2.     Declare defendant in violation of the statutory provisions in this case.

3.    Award Hosick penalty wages pursuant to ORS 653.055 .

4.    Award Hosick liquidated damages on her Fair Labor Standards Act claim for relief in an amount equal to her unpaid minimum wages, plus interest, pursuant to 29 U.S.C. § 261(b).

5.    Award Hosick her costs of suit and reasonable attorney fees, costs, and expert witness fees.

6.    Order Catalyst to pay prejudgment and postjudgment interest as may be appropriate on all amounts due to Hosick as a result of this action, with interest at the appropriate statutory rate.

7.    Order such further or alternative relief in favor of Hosick as the court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff Hosick demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

DATED June 18, 2015.

CRISPIN EMPLOYMENT LAWYERS

By:  /s/Craig A. Crispin
    Craig A. Crispin, OSB № 82485
    Of Attorneys For Plaintiff Alana Hosick